**Michael CHRISTOPHER, t/a Barn Dinner Theatre, Appellee,**

v.

**Ardith CAVALLO, Appellant.**

**No. 80–1712.**

United States Court of Appeals, Fourth Circuit.

Argued May 5, 1981.

Decided Oct. 30, 1981.

Rehearing Denied Dec. 9, 1981.

J. Michael Cleary, Washington, D.C. (E. Fulton Brylawski, Brylawski & Cleary, Washington, D.C., La Rue Van Meter, Falls Church, Va., on brief), for appellant.

Thomas L. Rowe, Chesterfield, Va. (Henry A. Conner, Jr., Richmond, Va., on brief), for appellee.

Before WINTER, Chief Judge, and RUSSELL and WIDENER, Circuit Judges.

WIDENER, Circuit Judge:

On March 5, 1979, the appellant, Ardith Cavallo, entered into a contract with Michael Christopher, the operator of the Barn Dinner Theater in Richmond, Virginia, licensing Christopher to produce and present to the paying public a musical play entitled "Peter Pan—The Magical Musical," which

play she claimed to own and to have principally created. This work closely resembled the classic play by James M. Barrie entitled "Peter Pan or The Boy Who Would Not Grow Up," the copyright for which is held by The Hospital for Sick Children, Great Ormond Street, London, and which is licensed for production in the United States exclusively by Samuel French, Inc.[1] Upon discovering that Christopher intended to produce Mrs. Cavallo's work, the Hospital and French sought and obtained an injunction of that production, and were awarded the sum of $5,000.00 in lieu of actual damages, statutory damages, profits, attorneys' fees and costs.

In the instant case, Christopher sued to recover this sum and other damages from Mrs. Cavallo on the grounds that she fraudulently misrepresented that her work did not constitute an infringement upon the Barrie copyright and that she had breached her warranty that she had sufficient title to her play to sell or license it. The district court denied appellant's motion to dismiss these claims for lack of subject matter jurisdiction and upon trial held that Mrs. Cavallo was liable to Christopher as a result of her breach of warranty of good title. She appeals, and we affirm.

While Mrs. Cavallo bases her appeal on several grounds, we find only the challenge to the district court's assertion of subject matter jurisdiction worthy of discussion. In his complaint, Christopher asserted that this action arises under the copyright laws of the United States and under the law of Virginia and thus is subject to adjudication in the district court. Mrs. Cavallo challenges this assertion, contending that the complaint did not raise an issue requiring the interpretation of the copyright laws of the United States and that, absent an allegation of another jurisdictional basis, Christopher's claims were not cognizable in the district court.

Congress has granted the district courts exclusive original jurisdiction of civil actions arising under any Act of Congress relating to copyrights. 28 U.S.C. § 1338(a). Whether such a question is presented is determined from the plaintiff's initial pleading. *Louisville & Nashville Railroad Company v. Mottley*, 211 U.S. 149, 152, 29 S.Ct. 42, 43, 53 L.Ed. 126 (1908). "To bring a case within the statute, a right or immunity created by the Constitution or laws of the United States must be an element, *and an essential one*, of the plaintiff's cause of action." *Gully v. First National Bank*, 299 U.S. 109, 112, 57 S.Ct. 96, 97, 81 L.Ed. 70 (1936) (emphasis added); *McCorkle v. First National Pennsylvania Banking & Trust Company*, 459 F.2d 243, 250 (4th Cir. 1972). Applying this principle in the context of a copyright claim in *T. B. Harms Company v. Eliscu*, 339 F.2d 823, 828 (2d Cir. 1964), Judge Friendly stated that an action may be said to arise under the Copyright Act where the complaint "...asserts a claim requiring the construction of the Act, ...." Christopher's complaint asserts such a claim.

■ Under Virginia law, an essential element of a cause of action for breach of warranty is an allegation of the fact of the breach. *Howell v. Cowles*, 6 Grat. (47 Va.) 393, 397 (1849). The complaint here fulfilled that requirement by asserting that, contrary to Mrs. Cavallo's representation that she had the right to license or sell her play, and that it did not infringe Barrie's copyright, the licensing of that property constituted an infringement thereof. Proof of that claim plainly required the construction of the copyright laws of the United States in order to establish the existence of the infringement, for the existence of the infringement was necessary to prove the breach of warranty. This case is, therefore, cognizable pursuant to 28 U.S.C. § 1338(a)

---

1. That Cavallo's work constituted an infringement upon the Barrie copyright was decided in the related case of *The Hospital for Sick Children, Great Ormond Street, London, et al. v. Melody Dinner Theater, et al.*, 516 F.Supp. 67 (E.D.Va.1980), which we have affirmed in No.

80–1711 (4th Cir. 1981). The district court's decision in that case preceded the trial of the instant case and was held to determine the issue of infringement in the present case by collateral estoppel.

as one which presents a substantial federal question as one of its essential elements.[2]

We have considered the arguments of appellant with respect to collateral estoppel and lack of liability on the claim of warranty and are of opinion they are without merit.

The judgment of the district court is accordingly

AFFIRMED.

2. Nor is the federal claim asserted here insubstantial because it was decided in an earlier case. While a federal question is deemed insubstantial if it presents an issue no longer subject to discussion in light of prior decisions, *McGilvra v. Ross*, 215 U.S. 70, 80, 30 S.Ct. 27, 31, 54 L.Ed. 95 (1909), this is the case only where such prior decisions render the claim frivolous or unsound. *Hagans v. Lavine*, 415 U.S. 528, 537–38, 94 S.Ct. 1372, 1379, 39 L.Ed.2d 577 (1974). In the case at hand, Christopher's assertion that the Cavallo play infringed upon the Barrie copyright was not rendered frivolous or unsound by the prior decision; rather, Christopher's position is supported by that decision.