**EFFECTS ASSOCIATES, INC.,**
Plaintiff-Appellant,

v.

**Larry COHEN, Larco Productions, Inc.,
and New World Pictures,**
Defendants-Appellees.

No. 86–5997.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 4, 1987.

Decided May 8, 1987.

John B. Overton, Sausalito, Cal., for plaintiff-appellant.

Vincent Cox, Los Angeles, Cal., for defendants-appellees.

Before KENNEDY, SKOPIL and KOZINSKI, Circuit Judges.

KOZINSKI, Circuit Judge:

We consider whether a district court may entertain a copyright infringement claim where the complaint also alleges an oral promise between the parties that may amount to an assignment or license for use of the copyrighted works.

### Facts

Appellant Effects Associates, Inc. (Effects) is the creator of several original motion picture special effects shots embodied in filmstrip form. Effects brought suit against appellee Larry Cohen and/or Larco Productions, Inc. (Cohen) and appellee New World Pictures (New World) for copyright infringement. Effects alleges that Cohen incorporated its special effects shots into a

feature film called *The Stuff,* and entered into an agreement with New World under which New World would copy and distribute the film containing appellant's works.

Effects makes a separate claim for fraud and deceit. It alleges that Cohen promised to pay Effects for use of its works; made several payments that amounted to less than what Effects demanded; and negotiated, but failed to sign, an agreement to discharge Cohen's outstanding obligations with respect to Effects' works.

Relying on this court's decision in *Topolos v. Caldeway,* 698 F.2d 991 (9th Cir. 1983), the district court dismissed the action. It held that Effects' claims did not "arise under" federal law because the principal and threshold issue to be resolved was a question of state contract law.

### Discussion

Federal courts have exclusive jurisdiction over actions arising under federal copyright laws. 28 U.S.C. § 1338(a) (1982). However, we have consistently held that an action does not arise under the federal copyright laws merely because its subject matter happens to involve a copyright. *Topolos,* 698 F.2d at 993; *see Dolch v. United California Bank,* 702 F.2d 178, 180 (9th Cir.1983). Rather, an action arises under the federal copyright laws

> if and only if the complaint is for a remedy expressly granted by the Act, ... or asserts a claim requiring construction of the Act, ... or, at the very least and perhaps more doubtfully, presents a case where a distinctive policy of the Act requires that federal principles control the disposition of the claim.

*T.B. Harms Co. v. Eliscu,* 339 F.2d 823, 828 (2d Cir.1964) (Friendly, J.), *cert. denied,* 381 U.S. 915, 85 S.Ct. 1534, 14 L.Ed.2d 435 (1965).

 Here, Effects seeks a remedy expressly provided by the Copyright Act. The complaint pleads the elements of copyright infringement: ownership of the copyright, copying by the defendant and distribution for exhibition. The inclusion of a single paragraph (for purposes of pleading a separate claim for fraud and deceit) alluding to an oral promise concerning the use of Effects' works, does not transform Effects' infringement claim into one for breach of contract. Effects pleads neither a valid transfer of its copyright, nor the existence of a license for the use of its works. It simply does not rely on an agreement between the parties; to the contrary, it charges that Cohen's oral representations amounted to fraud. To be sure, Effects might have chosen to rely instead on the oral agreement and brought suit for breach of contract. However, plaintiff is master of his claim and in some cases will have the choice of framing his action either as one for infringement or for breach of contract. *See The Fair v. Kohler Die & Specialty Co.,* 228 U.S. 22, 25, 33 S.Ct. 410, 411, 57 L.Ed. 716 (1913).

 It may well turn out that Effects has alienated its interest in the copyright, in which case defendants would be entitled to prove that the alleged oral promise constituted an assignment or a license.[1] However, a claim "arises under" federal law for purposes of federal question jurisdiction on the basis of a well-pleaded complaint, not from anticipation of possible affirmative defenses. *Louisville & Nashville R.R. v. Mottley,* 211 U.S. 149, 152, 29 S.Ct. 42, 43, 53 L.Ed. 126 (1908) (plaintiff may not invoke original federal jurisdiction by anticipating a defense raising a federal question); C. Wright, A. Miller & E. Cooper, 13B *Federal Practice and Procedure* § 3566 (1984). Conversely, federal question jurisdiction is not defeated by reference to potential affirmative defenses raising questions of state law. Effects' claim "is for a remedy expressly granted by the Act, e.g., a suit for infringement," *T.B. Harms,* 339 F.2d at 828, and the complaint raises no claims antithetical to this theory.

*Topolos,* upon which the district court relied in dismissing the case, is not to the contrary. In *Topolos* we held that "[g]enerally, courts decide whether a case arises

---

**1.** We express no view as to whether section 204 of the Copyright Act, 17 U.S.C. § 204 (1982), would render invalid any purported oral transfer of plaintiff's interest in the copyright.

under the copyright laws by focusing on the nature of the principal claim asserted by the plaintiff." 698 F.2d at 993. We also noted that the district court was not divested of jurisdiction simply "because it was first required to resolve a threshold question of copyright ownership which in turn called for interpretation of a contract." *Id.* at 994. Indeed, we recognized that "[o]wnership of the copyright is ... always a threshold question. Only when such ownership is the sole question for consideration are federal courts without jurisdiction." *Id.*[2] *Applying these principles, Topolos* held that the district court had jurisdiction over plaintiff's claim even though the parties had an agreement that arguably covered the subject matter in suit. Here, the existence of an agreement appears to be in dispute and plaintiff has chosen to disavow any rights he may have thereunder and pursue his statutory rights. To be sure, plaintiff may not be able to turn his back on the agreement; if the agreement effected a valid transfer of Effects' interest in the works, its copyright claim would necessarily fail.[3] But, as noted above, the existence of a meritorious defense does not change the nature of plaintiff's claim.

The district court's order dismissing this action is reversed and the case is remanded for further proceedings consistent with this opinion.

---

2. Defendants argue that infringement is not an issue because they admit having used Effects' works. Again, however, defendants anticipate matters to be raised in the answer, something we may not consider for purposes of determining whether plaintiff's claim arises under federal law. In any case, liability under a copyright claim amounts to more than unauthorized use of the copyrighted work. A variety of legal and equitable defenses may bear on the issue. *See* 17 U.S.C. §§ 107–118 (1982). All these are matters of federal law that belong in federal court. *See T.B. Harms,* 339 F.2d at 828.

3. At that point, Effects may still have contract rights that might be enforceable by a separate lawsuit in state court.