**VESTRON, INC., Plaintiff–Appellant,**

v.

**HOME BOX OFFICE INC., and HBO Video, Inc., Defendants–Appellees.**

No. 87–6229.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 9, 1987.

Order Filed Oct. 23, 1987.

Decided Feb. 24, 1988.

Marc Marmaro, Jeffer, Mangels & Butler, Los Angeles, Cal., and Robert J. Jossen, Shereff, Friedman, Hoffman & Goodman, New York City, for plaintiff-appellant.

Marc W. Rappel, Latham & Watkins, Los Angeles, Cal., for defendants-appellees.

Before HUG, BRUNETTI and KOZINSKI, Circuit Judges.

HUG, Circuit Judge:

This case comes to us on appeal from the district court's final order dismissing the action for lack of subject matter jurisdiction. The appeal was heard on an expedited basis. We concluded that jurisdiction existed under the Federal Copyright Act, 17 U.S.C. § 101 et seq. (1982), and therefore reversed and remanded to the district court. We issued an unpublished order to this effect immediately to expedite the district court's consideration of Vestron's request for a preliminary injunction, and indicated that an opinion would follow. This opinion provides the analysis for the earlier order. The question before us is whether a complaint that pleads a claim for copyright infringement properly invokes federal jurisdiction even though the defendant admits the allegedly infringing use and disputes only the issue of contractual ownership of the copyright.

FACTS

Vestron, the plaintiff and appellant, alleges that it owns the exclusive American

videocassette distribution rights to two films, *Hoosiers* and *Platoon,* and that HBO has infringed on these rights. Vestron obtained the videocassette rights to both films from their producer, Hemdale Film Corporation and Hemdale Video Corporation ("Hemdale"), through two contracts executed in August 1985 and April 1986. After the films were released for theatrical distribution and their success was evident, Hemdale and Vestron had a dispute that brought the validity of their contracts into question. Hemdale notified Vestron that it was terminating the contracts, and that Vestron no longer held the videocassette rights. Hemdale and Vestron then brought several contract actions in state court, still pending, that have no bearing on the question before us. Subsequently, Hemdale sold the exclusive videocassette rights to both films to HBO, the defendant and appellee here. HBO manufactured and began distribution of videocassettes of *Hoosiers* and *Platoon,* and Vestron responded by bringing this action in federal court against HBO's infringing use.

STANDARD OF REVIEW

The district court granted HBO's Fed.R. Civ.P. 12(b)(1) motion to dismiss for lack of subject matter jurisdiction and denied Vestron's motion for a preliminary injunction. We review the district court's dismissal for lack of subject matter jurisdiction *de novo. McIntyre v. McIntyre,* 771 F.2d 1316, 1317 (9th Cir.1985). Because the district court dismissed the action before reaching the merits, our review is confined to the jurisdictional issue.

ANALYSIS

 In order for Vestron's action to invoke federal subject matter jurisdiction, it must arise under federal copyright law. We note that federal courts have exclusive jurisdiction over actions that arise under federal copyright law. 28 U.S.C. § 1338(a) (1982). Although the action clearly involves a copyright, this fact alone does not satisfy federal jurisdictional requirements. *Effects Assocs., Inc. v. Cohen,* 817 F.2d 72, 73 (9th Cir.1987). For example, where a suit is for a naked declaration of copyright ownership without a bona fide infringe-

ment claim, federal courts decline jurisdiction. *Topolos v. Caldewey,* 698 F.2d 991, 994 (9th Cir.1983). However, that is not the case here.

We determine whether an action arises under federal copyright law by reference to the well-pleaded complaint rule. "[W]hether a case is one arising under ... a law ... of the United States ... must be determined from what necessarily appears in the plaintiff's statement of his own claim in the [complaint], unaided by anything alleged in anticipation or avoidance of defenses...." *Franchise Tax Bd. of California v. Construction Laborers Vacation Trust,* 463 U.S. 1, 10, 103 S.Ct. 2841, 2846, 77 L.Ed.2d 420 (1983) (quoting *Taylor v. Anderson,* 234 U.S. 74, 75–76, 34 S.Ct. 724, 58 L.Ed. 1218 (1914)). Under this rule, Vestron's complaint is dispositive initially of the issue of subject matter jurisdiction. Moreover, assertion of defenses by HBO, or anticipation of those defenses by Vestron, does not defeat jurisdiction. *Effects Assocs.,* 817 F.2d at 73. If Vestron's complaint makes out a bona fide infringement claim, then the federal court has jurisdiction.

We have settled on Judge Friendly's formulation of copyright jurisdiction law as our test to determine jurisdiction in cases such as this one: "[A]n action arises under the federal copyright laws 'if and only if the complaint is for a remedy expressly granted by the Act, ... or asserts a claim requiring construction of the Act, ... or, at the very least and perhaps more doubtfully, presents a case where a distinctive policy of the Act requires that federal principles control the disposition of the claim.'" *Effects Assocs.,* 817 F.2d at 73 (quoting *T.B. Harms Co. v. Eliscu,* 339 F.2d 823, 828 (2d Cir.1964) (Friendly, J.), *cert. denied,* 381 U.S. 915, 85 S.Ct. 1534, 14 L.Ed. 2d 435 (1965)). Our test sets forth three independent grounds for sustaining federal jurisdiction in copyright cases. If any of these three grounds is satisfied, the federal courts have jurisdiction.

We need go no further than the first of the three grounds to find that Vestron's complaint satisfies our pleading requirements and, therefore, that it confers juris-

diction on the district court. The complaint makes out an infringement claim and seeks remedies expressly created by federal copyright law. Vestron alleges its ownership of the exclusive rights to make and distribute videocassettes of *Hoosiers* and *Platoon.* Vestron alleges, with specificity, unauthorized acts by HBO of copying and distributing videocassettes of the films. Finally, Vestron seeks statutory relief provided by 17 U.S.C. §§ 502 (injunction), 504 (damages and profits), and 505 (costs and attorneys' fees). Under the well-pleaded complaint rule, these allegations are sufficient to establish federal jurisdiction.

The fact that Vestron claims ownership of the copyrights through a contested contract governed by state law is not fatal to federal jurisdiction. It is well-settled that "[t]he beneficial owner of a copyright ... is entitled to establish the facts supporting his claim of beneficial ownership, even though that may require interpretation of a contract." *Topolos,* 698 F.2d at 994. In fact, ownership will almost always be a threshold issue in a copyright infringement action. HBO's intention to contest Vestron's alleged ownership as part of its defense, regardless of any potential for success, does not affect jurisdiction.

In a similar vein, HBO admits the allegedly infringing acts, so that ownership is the sole contested issue. Pursuing this strategy, HBO argues that this case comes under our rule that "when ... ownership is the sole question for consideration ... federal courts [are] without jurisdiction." *Id.; Franklin v. Cannon Films, Inc.,* 654 F.Supp. 133, 134–35 (C.D.Cal.1987). However, this argument, applied to this case, ignores the rule that HBO's defense does not affect jurisdiction conferred by the complaint. "Defendants argue that infringement is not an issue because they admit having used [plaintiff's] works. Again, however, defendants anticipate matters to be raised in the answer, something we may not consider for purposes of determining whether plaintiff's claim arises under federal [copyright] law." *Effects Assocs.,* 817 F.2d at 74 n. 2. The argument also ignores the fact that Vestron seeks statutory relief under federal copyright law, which, by virtue of our exclusive jurisdiction, only a federal court can administer and which remains to be determined.

We note the difficulty we, and other courts, have had applying the "sole question" rule to determine copyright jurisdiction. The problem is particularly pronounced where courts try to expose cases that are couched in terms of copyright but that, in fact, seek to vindicate rights created under state law, *e.g.* contractual rights to ownership or royalties. *See, e.g., Dolch v. United California Bank,* 702 F.2d 178 (9th Cir.1983); *Franklin,* 654 F.Supp. at 133; *Stepdesign, Inc. v. Research Media, Inc.,* 442 F.Supp. 32 (S.D.N.Y.1977); *Elan Assocs., Ltd. v. Quackenbush Music, Ltd.,* 339 F.Supp. 461 (S.D.N.Y.1972). Where there is a fatal flaw on the face of a complaint that purports to assert an infringement action, the suit should be dismissed for lack of subject matter jurisdiction. If no such flaw appears, the federal courts have jurisdiction. If an action survives this scrutiny and affidavits or other materials reveal the infringement claim to be spurious, then the proper avenue is dismissal for failure to state a claim under federal copyright law. *See Bell v. Hood,* 327 U.S. 678, 681–82, 66 S.Ct. 773, 775–76, 90 L.Ed. 939 (1946). While the results are similar, this distinction may clarify matters analytically.

CONCLUSION

We hold that Vestron's complaint seeks a remedy expressly granted by federal copyright law, and therefore the district court has subject matter jurisdiction over the action. Since we find this test satisfied, we do not reach our other two bases for copyright jurisdiction. Thus, the district court order dismissing this case for lack of jurisdiction was reversed and the case remanded for further proceedings.

REVERSED and REMANDED.