Scott Steven **POWELL**, Ph.D., Plaintiff,

v.

**GREEN HILL PUBLISHERS, INC.,**
**d/b/a Jameson Books, Defendant.**

**No. 89 C 3947.**

United States District Court,
N.D. Illinois, E.D.

Sept. 12, 1989.

George E. Bullwinkel, Burditt, Bowles & Radzius, Chtd., Chicago, Ill., for plaintiff.

Theodore T. Scudeer, III, Mark T. Schmidt, Albert E. Durkin, Richard S. Zachary, Alfieri, Abbene, Durkin & Dailey, Chicago, Ill., for defendant.

## ORDER

NORGLE, District Judge.

Before the court is the defendant's motion to strike or dismiss the plaintiff's complaint, pursuant to F.R.Civ.P. 12(b)(1). For the following reasons, the court denies the motion.

### FACTS

On a motion to dismiss, the allegations of the complaint as well as the reasonable inferences to be drawn from them are taken as true. *Doe v. St. Joseph's Hospital*, 788 F.2d 411 (7th Cir.1986). The facts alleged in the plaintiff's complaint are as follows. Plaintiff is the author of a book entitled "Covert Cadre," intended as an expose of the effect of the Institute for Policy Studies on U.S. policy. On or about February 1, 1986, plaintiff entered into a publishing agreement with defendant. The agreement granted all rights in the book to defendant for the duration of the copyright. It required defendant to register plaintiff's United States copyright in the plaintiff's name and pay plaintiff royalties on a set scale. The book was published and offered for sale to the public in February, 1988. At no time, before or after the books were offered for sale, did defendant register the copyright. On March 22, 1989, after making a copyright search at the Library of Congress Copyright office, plaintiff discovered that the defendant failed to register the plaintiff's copyright. That same day, plaintiff complied with all formalities needed to apply for copyright registration.

By March 27, 1989, all of the books from the first printing were sold by the defendant. On April 4, 1989, plaintiff notified defendant that he considered the failure to register the copyright a material breach of the publishing agreement, declared the defendant in default and terminated the contract. This terminated defendant's licence to reprint or republish the book. Sometime around the third week of April, 1989, defendant produced a second printing of the book. Plaintiff claims that defendant is currently distributing the book and profiting thereby.

In a pendant state claim, plaintiff also alleges a breach of contract by defendant, due to the failure to register the copyright and failure to pay the author's advance and royalties when due.

### DISCUSSION

Defendant raises two grounds for dismissal of the complaint. First, that there is no federal copyright question present, and thus the court lacks jurisdiction under 28 U.S.C. sec. 1338(a). Second, that the state law claim is improper in this court because there is not a sufficient amount in controversy for diversity jurisdiction under 28 U.S.C. 1332(a).

As to the first argument, defendant claims that this court lacks jurisdiction under sec. 1338(a) because the rights of the parties under the publishing agreement must first be determined before issues of copyright infringement can be adjudicated. Defendant's reply, p. 4, par. 1. Defendant cites a number of cases, most of which relate to subject matter jurisdiction over patents. Although the jurisdictional requirements are similar with respect to both

patents and copyrights,[1] this dispute is better governed by the Ninth Circuit's decision in *Vestron Inc. v. Home Box Office, Inc.*, 839 F.2d 1380 (9th Cir.1988). In *Vestron*, the court decided the exact issue of federal court jurisdiction under 28 U.S.C. sec. 1338(a) when a motion to dismiss is involved. The plaintiff in this case obtained the videocassette distribution rights to two films, "Hoosiers" and "Platoon" from their producer. After the films met with great success in theaters, disputes developed between the producer and Vestron as to the validity of the contracts granting distribution rights. The producer notified Vestron that it was terminating the contracts and then sold the distribution rights to the defendant, Home Box Office, Inc. ("HBO") for production and sale of the videocassettes. *Vestron*, 839 F.2d at 1381.

Vestron brought suit, alleging copyright infringement after HBO manufactured and began to distribute the movies. The district court granted HBO's motion to dismiss under F.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction. *Id.* The Ninth Circuit reversed.

The *Vestron* court extensively discussed federal jurisdiction under sec. 1338(a). The court stated that the well-plead complaint rule controls in this situation. *Id.* Whether a case arises under a law of the United States must be determined from what necessarily appears in the plaintiff's statement of his own claim in the complaint, unaided by anything alleged in anticipation or avoidance of defenses. *Id.* (citing *Franchise Tax Bd. of California v. Construction Laborers Vacation Trust*, 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). The court noted that, although a dispute may involve a copyright, this fact alone is not sufficient to confer federal jurisdiction. *Id.* "An action arises under the federal copyright laws if and only if the complaint is for a remedy expressly granted by the Act, ... or asserts a claim requiring construction of the Act, ... or, at the very least and perhaps more doubtfully, presents a case where a distinctive policy of the Act requires that federal principles

control the disposition of the claim." *Id.* (quoting *T.B. Harms Co. v. Eliscu*, 339 F.2d 823 (2nd Cir 1964), *cert. den.*, 381 U.S. 915, 85 S.Ct. 1534, 14 L.Ed.2d 435 (1965)). The court went on to hold that Vestron's complaint did state a claim under federal law. *Id.* at 1381–82.

As in *Vestron*, examination of plaintiff's complaint reveals that plaintiff claims copyright infringement and seeks remedies expressly created under the copyright laws. All of the arguments put forth by defendant are in the nature of affirmative defenses. Since plaintiff has alleged copyright infringement (Plaintiff's Complaint, p. 4, par. 18) and asks for relief under the copyright laws (Complaint, p. 4, prayer for relief), plaintiff has plead sufficient facts to satisfy the first prong of the test in *Eliscu* and withstand the defendant's motion to dismiss under F.R.Civ.P. 12(b)(1). *See, Malinowski v. Playboy Enterprises, Inc.*, 706 F.Supp. 611 (N.D.Ill.1989) (allegation of a violation of copyright and claims under the act sufficient to withstand a 12(b)(1) motion to dismiss).

Defendant next argues that the plaintiff has not plead a sufficient amount in controversy to allow the state court claim to be adjudicated in federal court. Defendant's Reply, p. 5, par. 2. Defendant wholly ignores the doctrine of pendent jurisdiction. Under pendent jurisdiction, a federal court may hear a claim that would not have an independent jurisdictional basis if the parties are before the court on a proper federal claim and the pendent claim arises from the same nucleus of operative facts. *See, Hurn v. Ousler*, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148 (1932) (pendent jurisdiction is proper where plaintiff raised both copyright and state unfair competition claims); *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). In the instant case, plaintiff's state law claim arises from the same facts as his copyright claim. Therefore, plaintiff need not establish a separate jurisdictional basis for the state law claim,

---

1. 28 U.S.C. sec. 1338(a) confers jurisdiction over both patents and copyrights.

as the claim falls within the court's pendant jurisdiction power.

In sum, the court finds that it has subject matter jurisdiction over this action by virtue of a federal question arising under United States copyright law and may hear the state law claim under the doctrine of pendant jurisdiction. Accordingly, the defendant's motion to dismiss is denied.

IT IS SO ORDERED.