**ARTHUR YOUNG & COMPANY,**
Plaintiff–Appellant,

v.

**CITY OF RICHMOND,**
Defendant–Appellee.

No. 89–2963.

United States Court of Appeals,
Fourth Circuit.

Argued Dec. 7, 1989.

Decided Feb. 9, 1990.

Sandy Thomas Tucker (William R. Mauck, Jr., Williams, Mullen, Christian & Dobbins, P.C., Richmond, Va., Steven L. Cohen, Arthur Young & Co., on brief), for plaintiff-appellant.

Warren Eugene Zirkle (Elizabeth F. Edwards, McGuire, Woods, Battle & Boothe, Richmond, Va., on brief), for defendant-appellee.

Before PHILLIPS and WILKINSON, Circuit Judges, and SPENCER, United States District Judge for the Eastern District of Virginia, sitting by designation.

PHILLIPS, Circuit Judge:

Arthur Young & Company appeals the district court's dismissal, for lack of subject matter jurisdiction, of Arthur Young's action against the City of Richmond for copyright infringement and various state law claims. The district court reasoned that the case "plainly and essentially" involved a state law contract dispute, requiring no construction of federal copyright law, and accordingly granted the City's motion for dismissal under Fed.R.Civ.P. 12(b)(1). We now reverse and remand the case for further proceedings in the district court.

I

This dispute arose out of a 1984 agreement between Arthur Young and the City of Richmond that obligated Arthur Young to design and implement for the City an on-line customer information and billing system, known as "UBIS." Under the contract, Arthur Young was to receive $1,080,-100 for its performance. The work was to be completed in stages, and Arthur Young was to be compensated incrementally.

Over the next several years, difficulties ensued. The City complained that although it had paid over $900,000 to Arthur Young, Arthur Young had consistently failed to meet scheduled dates for completion of phases of the work. Arthur Young, on the other hand, claimed that it had completed substantial "out-of-scope" work, at the direction of the City, and it was demanding that the City pay more than $2,400,000 in additional compensation for that work. When the dispute reached an impasse on August 5, 1988, the City locked Arthur Young out of the workplace, citing both Arthur Young's refusal to perform further work until it received the additional compensation and concerns about the security of its mainframe computer system from retaliation by Arthur Young.

Four days later, Arthur Young sued the City in Fairfax County Circuit Court for declaratory and injunctive relief and damages, alleging various state law contract theories. On the City's motion, the case was transferred to the Richmond Circuit Court, and Arthur Young soon thereafter filed an amended complaint, alleging several other state law claims. On February 14, 1989, the City gave Arthur Young's counsel a Motion for Judgment against Arthur Young, which the City then filed the next day. Also on the 14th, Arthur Young registered a copyright of UBIS with the United States Copyright Office and the next day filed suit in federal district court in the Eastern District of Virginia, alleging three counts of copyright infringement, along with substantially the same assortment of state law claims it had alleged in its suit in equity, which it then voluntarily nonsuited.

The City concedes that it has engaged in the two types of conduct that form the basis of the copyright infringement counts. First, the City admits it has been using and reproducing the meter inventory and maintenance subsystem of UBIS, known as MIMS, and that it continues to do so. It is undisputed that Arthur Young consented to the use and reproduction of MIMS in March 1987 and that it first objected to this activity in August 1988—when Arthur Young was locked out. Second, the City admits that it has made and continues to make backup copies of the UBIS object code and source codes. Arthur Young does not dispute that it knew for quite some time that the City was making these back-

up copies to protect against loss from mechanical or electrical failure.

Count I of Arthur Young's complaint in federal district court alleged that Arthur Young was the sole owner of the copyright in UBIS and that the City's acts constituted copyright infringement in violation of 17 U.S.C. §§ 501 *et seq.* Count II alleged in the alternative that if it was found that the City rightfully owned a copy of UBIS, it nonetheless had no right in the program's "source code" and its acts with respect to that part of the program therefore constituted copyright infringement. Count III, also pled in the alternative, alleged that if the City was the rightful owner of a copy of UBIS, its acts with respect to that copy have exceeded those permitted by 17 U.S.C. § 117. Each of the three counts asks for damages in accordance with 17 U.S.C. § 504 of the Copyright Act and for a permanent injunction under 17 U.S.C. § 502.

The City moved in the district court to dismiss Arthur Young's action for lack of subject matter jurisdiction. In ruling on the jurisdictional issue, the court considered affidavits and supporting exhibits submitted by the parties and concluded that copyright infringement was not the "principal and controlling issue of the case." Instead, the court found that the action was essentially a contract dispute governed by state law and on that basis dismissed for lack of subject matter jurisdiction.

This appeal followed.

## II

 Arthur Young argues that under the well-pleaded complaint rule the complaint alleged a claim for copyright infringement sufficient to establish exclusive federal jurisdiction under 28 U.S.C.

§ 1338(a).[1] According to Arthur Young, the court's examination of whether the "principal or controlling issue" involved only state law questions exceeded the proper scope of inquiry on a 12(b)(1) motion, which should test no more than whether the jurisdictional facts alleged, if sufficient on their face, are spurious or frivolous. The City argues in response that the district court properly looked behind the allegations of copyright infringement and found that they did not capture the essence of the dispute between the parties. We agree with Arthur Young that the district court's search for the "principal and controlling issue" in the case exceeded the limited factual inquiry necessary for ruling on a 12(b)(1) motion and that exclusive federal jurisdiction under 28 U.S.C. § 1338(a) did in fact exist on the basis of the allegations in the complaint.

 A federal court determines whether a case is one "arising under" federal law based on "what necessarily appears in the plaintiff's statement of his own claim in the [complaint], unaided by anything alleged in anticipation or avoidance of defenses...." *Franchise Tax Board v. Laborers Vacation Trust*, 463 U.S. 1, 10, 103 S.Ct. 2841, 2846, 77 L.Ed.2d 420 (1983) (quoting *Taylor v. Anderson*, 234 U.S. 74, 75–76, 34 S.Ct. 724, 58 L.Ed. 1218 (1914)). The mere fact that the complaint discloses that the case involves a copyright dispute, however, does not in itself lead to a conclusion that the case "arises under" the Federal Copyright Act for the purposes of jurisdiction under 28 U.S.C. § 1338(a). Many disputes over copyright ownership will arise under state law and involve no federal law questions.[2]

Recognizing the potential for overly broad federal jurisdiction under 28 U.S.C. § 1338(a), Judge Friendly, in *T.B. Harms Co. v. Eliscu*, 339 F.2d 823 (2d Cir.1964),

---

1. 28 U.S.C. § 1338(a) provides in pertinent part that "[t]he district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to ... copyrights.... Such jurisdiction shall be exclusive of the courts of the states...."

2. The line between cases that "arise under" patent and copyright laws, as contemplated by 28 U.S.C. § 1338(a), and those that present only

state law contract issues, is "a very subtle one," C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 3582, at 307, and the question leads down "one of the darkest corridors of the law of federal courts and federal jurisdiction." *Id.* at 307 n. 11 (quoting Chisum, The Allocation of Jurisdiction Between State and Federal Courts in Patent Litigation, 46 Wash.L. Rev. 633 (1971)).

set out what has remained the definitive jurisdictional test for copyright cases:

> [A]n action "arises under" the Copyright Act if and only if the complaint is for a remedy expressly granted by the Act, e.g. a suit for infringement or for the statutory royalties for record reproduction, ... or asserts a claim requiring construction of the Act, ... or, at the very least, and perhaps more doubtfully, presents a case where a distinctive policy of the Act requires that federal principles control the disposition of the claim. The general interest that copyrights, like all other forms of property should be enjoyed by their true owner is not enough to meet this last test.

*Id.* at 828. Judge Friendly ultimately found the jurisdictional allegations in *T.B. Harms* fatally flawed, not because they raised state law issues of ownership, but because there was no allegation of copyright infringement. *See id.* at 825 ("[District] Judge Weinfeld treated the jurisdictional issue as turning solely on whether the complaint alleged any act or threat of copyright infringement. He was right in concluding that it did not.").

The fact that a complaint containing proper allegations of copyright infringement might not present difficult issues of federal law has no bearing on the fundamental question of whether the suit arises under the Copyright Act. As Judge Friendly noted, "many infringement suits ... depend only on some point of fact and require no construction of federal law...." *Id.* at 826. As long as the complaint asks for a remedy expressly provided by the Copyright Act, the suit fits squarely under

Justice Holmes' famous test for when federal "arising under" jurisdiction exists: "a suit arises under the law that creates the cause of action. *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260, 36 S.Ct. 585, 586, 60 L.Ed. 987 (1916)." [3]

Applying these same basic principles, the Ninth Circuit reversed a 12(b)(1) dismissal on facts very similar to those in this case. In *Vestron v. Home Box Office*, 839 F.2d 1380 (9th Cir.1988), the defendant, HBO, admitted the uses of certain videotapes that formed the factual foundation of Vestron's copyright infringement claims against HBO, but disputed Vestron's claimed ownership of the copyright. Acknowledging that ownership was the "sole contested issue," the Ninth Circuit nonetheless found the allegations of copyright infringement and the request for relief expressly provided by federal copyright law sufficient to confer exclusive federal jurisdiction under 28 U.S.C. § 1338(a). The court recognized that some cases seeking primarily to vindicate state rights to ownership or royalties will be framed as infringement actions in an effort to obtain federal jurisdiction, but it refused to permit dismissal of such cases except "[w]here there is a fatal flaw on the face of a complaint that purports to assert an infringement action." *Id.* at 1382.

The City argues that *Vestron* is in conflict with the law in this circuit because *Vestron*, by deciding copyright jurisdiction from the face of the complaint, does not permit the scrutiny of contested jurisdictional facts contemplated by our decision in *Adams v. Bain*, 697 F.2d 1213 (4th Cir.

---

**3.** Justice Holmes' test does not of course describe the universe of federal question cases. In some cases, the cause of action is created by state law, but federal question jurisdiction is nonetheless proper because a substantial question of federal law is at issue. *See Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 41 S.Ct. 243, 65 L.Ed. 577 (1921). This type of federal question jurisdiction is analogous to the second category in Judge Friendly's formulation in *T.B. Harms:* where the complaint "asserts a claim requiring construction of the [Copyright] Act."

Our decision in *Christopher v. Cavallo*, 662 F.2d 1082 (4th Cir.1981), is an example of this

basis of § 1338(a) jurisdiction. In *Christopher*, the plaintiff had obtained from the defendant a license to produce a play, but was later sued by a third party for copyright infringement. The plaintiff then brought an action against the defendant for breach of warranty and for fraudulently misrepresenting that production of the play would not be a copyright infringement. Because the issue of copyright infringement was an essential element of the state law claim and was not "frivolous and unsound," *id.* at 1084 n. 2, we found that jurisdiction existed under 28 U.S.C. § 1338(a).

1982).[4] We disagree. *Adams* permits a court ruling on jurisdiction to test the truth of critical jurisdictional facts, but it does not authorize a court's dismissal of a well-pleaded federal claim on no more than the perception that the defense to that claim will rely wholly on state law. To the extent that the City was challenging the truth of Arthur Young's allegations of ownership, *Adams v. Bain* explicitly forecloses that potentially dispositive inquiry on a 12(b)(1) motion: "where the jurisdictional facts are intertwined with the facts central to the merits of the dispute ... the entire factual dispute is appropriately resolved only by a proceeding on the merits." *Id.* at 1219 (citations omitted). In fact, the City really challenged only the federal law character of Arthur Young's lawsuit, not any of the critical jurisdictional facts. The only question for the district court, then, was whether Arthur Young's statement of its cause of action showed that it arose under the Federal Copyright Act. *See Louisville & Nashville Railroad Co. v. Mottley*, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908).

We think it clear that Arthur Young's complaint did indeed satisfy the *T.B. Harms* test for cases "arising under" the Federal Copyright Act for purposes of § 1338(a) jurisdiction. Counts I through III alleged alternative theories of copyright infringement under applicable sections of Title 17 of the United States Code. In each count, Arthur Young made a proper allegation that it owned a copyright in some or all of the computer system and that the City's acts constituted copyright infringement under the Code. Each count also asked for damages pursuant to 17 U.S.C. § 504 and a permanent injunction pursuant to 17 U.S.C. § 502—remedies "expressly granted by the [Copyright] Act." *See T.B. Harms*, 339 F.2d at 828. In fact, the district court acknowledged that a finding of copyright infringement, and entitlement to these federal remedies, would follow automatically from a resolution favorable to

Arthur Young of the more complex contract questions. The difficulty or centrality of those state law questions cannot defeat jurisdiction when the complaint shows that the claim for relief arises under a cause of action created by federal law.

### III

For the foregoing reasons, we reverse the district court's dismissal of Arthur Young's action for lack of subject matter jurisdiction and remand the case for further proceedings.

REVERSED AND REMANDED

---

4. In *Adams*, we recognized that a party moving for dismissal on the ground of lack of subject matter jurisdiction is entitled to show in an evidentiary hearing that the jurisdictional facts in the complaint, while sufficient on their face, are untrue. The judge ruling on jurisdiction must then weigh the evidence presented for the limited purpose of making findings on the contested jurisdictional facts. *See id.* at 1219.