131 F.3d 146
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Dale A. GLAUNER, Plaintiff-Appellant,
v.
Lupe GUNDERSON, Chairperson Board of Nevada Parole
Commissioners; Commissioner Chickory; B. Franklin,
Commissioner; T. Wright, Commissioner; Commissioner
Harris; Commissioner Scott; Angie Wright, hearing rep.;
Brenda Burns, Warden, NNCC; Carlos Brandenburg, Warden,
Lakes Crossing; Donald A. Molde, M.D., Psychiatrist, NDOP,
Defendants-Appellees.
 No. 95-17141.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 5, 1997.
Decided Nov. 14, 1997.
 
 Appeal from the United States District Court for the District of Nevada Edward C. Reed, Jr., District Judge, Presiding
 Before: CHOY, ALARCN, and T.G. NELSON, Circuit Judges
 MEMORANDUM*
 Dale A. Glauner, a Nevada state prisoner, appeals from the district court's dismissal of his declaratory judgment action for lack of subject matter jurisdiction. We vacate the judgment of the district court because we conclude that the district court had subject matter jurisdiction.
 In his complaint, Glauner seeks a declaration that N.R.S. §§ 200.375 and 201.230 are unconstitutionally vague in violation of the Due Process clause of the Fourteenth Amendment. N.R.S. §§ 200.375 and 201.230 make parole eligibility for persons convicted of certain sexual offenses contingent upon psychiatric panel certification that the prisoner is not a "menace to the health, safety, or morals of others."
 The district court dismissed this action because it concluded that Glauner's complaint did not present a ripe case or controversy.[1]
 A federal court lacks subject matter jurisdiction over a claim that is not ripe. S. Pac. Transp. Co. v. Los Angeles, 922 F.2d 498 (9th Cir.1990), cert. denied, 502 U.S. 943 (1991). We review de novo a district court's conclusion that it lacks subject matter jurisdiction. H20 Houseboat Vacations, Inc. v. Hernandez, 103 F.3d 914, 916 (9th Cir.1996).
 Appellees have forthrightly conceded that the district court erred in holding that Glauner's claim was not ripe for adjudication. After examining the record, we agree with the appellees that the issue presented in the complaint is ripe for review. The district court based its ripeness determination on the erroneous conclusion that Glauner was not subject to the psychiatric panel certification process. However, the record clearly indicates that Glauner was denied parole in 1995 because he "failed [the] psych panel." The record supports the conclusion that Glauner's claims are ripe for review. Accordingly, we hold that the district court erred as a matter of law in dismissing Glauner's complaint for lack of subject matter jurisdiction.
 Appellees urge us to reach the merits of Glauner's complaint notwithstanding the fact that the district court dismissed the complaint on the ground that it lacked subject matter jurisdiction. We decline to do so.
 Appellees' reliance on U.S. v. Click, 807 F.2d 847, 850 n. 5 (9th Cir.1987), and Marino v. Vasquez, 812 F.2d 499, 508 (9th Cir.1987), in support of the contention that we may affirm the judgment of a lower court "even when the decision below is on incorrect grounds" is misplaced. Those cases deal with situations where the lower court had decided a particular issue and the appellate court affirmed that decision on other grounds. Here, the district court never addressed the merits of Glauner's complaint. As a general rule, a federal appellate court does not consider issues not passed on by the court below. Singleton v. Wulff, 428 U.S. 106, 120 (1976). "Because the district court dismissed the action before reaching the merits, our review is confined to the jurisdictional issue." Vestron, Inc. v. Home Box Office, Inc., 839 F.2d 1380, 1381 (9th Cir.1988). For that reason, we express no opinion as to the constitutionality of N.R.S. §§ 200.375 and 201.230, nor as to whether the district court should afford Glauner the opportunity to amend his complaint upon remand given that Glauner was pro se at the time the complaint was filed. See, e.g., Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987); Armstrong v. Rushing, 352 F.2d 836, 837 (9th Cir.1965); Harmon v. Superior Court, 307 F.2d 796 (9th Cir.1962).
 VACATED AND REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 The other defendants eventually joined in Brandenburg's motion to dismiss. The district court granted the dismissal as to the remaining defendants on identical grounds. "All of the defendants are similarly situated, and the basis for granting the Brandenburg motion is equally applicable to the remaining defendants."