**NOT FOR PUBLICATION**

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID CODELL PRIDE, Jr., | No. 10-56036 |
| Plaintiff - Appellant, | D.C. No. 3:07-cv-01382-BEN-JMA |
| v. | |
| M. CORREA; LEVIN, Dr.; T. OCHOA, Warden; SANTIAGO, Dr., | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Argued and Submitted December 6, 2012
Pasadena, California

Before: PREGERSON, NOONAN, and PAEZ, Circuit Judges.

Plaintiff-Appellant David Pride, a California prisoner, appeals from the

district court's: (1) grant of Defendants-Appellees' motion for summary judgment;

(2) denial of Pride's motion for a continuance to conduct discovery; and (3) grant

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

of Defendants-Appellees' motion to dismiss Pride's claim for injunctive relief. We have jurisdiction pursuant to 28 U.S.C. § 1291.

We hold that the district court erred by granting summary judgment in favor of Defendants-Appellees Dr. Levin and Nurse Correa. We affirm the district court's grant of summary judgment in favor of Defendants-Appellees Dr. Santiago and Warden Ochoa. We find that the district court erred by denying Pride's motion to continue the hearing on Defendants-Appellees' motion for summary judgment pending further discovery. Finally, we hold that the district court erred by granting Defendants-Appellees' motion to dismiss Pride's claim for injunctive relief. We remand for further proceedings consistent with this disposition.

I.    Defendants-Appellees' Motion for Summary Judgment

A.    Dr. Levin and Nurse Correa

We review a grant of summary judgment *de novo*. *Citicorp Real Estate, Inc. v. Smith*, 155 F.3d 1097, 1103 (9th Cir. 1998). In light of Pride's medical records showing chronic and substantial pain resulting from a permanent shoulder injury from a gunshot wound and a knee injury, Pride has established a genuine issue of material fact on whether he has a serious medical need. *Clement v. Gomez*, 298 F.3d 898, 904 (9th Cir. 2002). Genuine issues of material fact also exist on

whether Dr. Levin and Nurse Correa were deliberately indifferent to Pride's medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

There is no evidence in the record showing that the Chrono Committee's denial of Dr. Santiago's requests for Pride was based on medical reasons. The record also does not identify the names of the doctors who were on the Chrono Committee, who purportedly denied Dr. Santiago's requests. Viewing the evidence in a light most favorable to Pride raises an inference that the Chrono Committee's decision was an inferior medical opinion compared to Dr. Santiago's. *See e.g., Snow v. McDaniel*, 681 F.3d 978 (9th Cir. 2012) (concluding triable issue existed on deliberate indifference where a panel of doctors repeatedly denied the recommendation made by plaintiff's treating doctor and two orthopedic surgeons that plaintiff undergo surgery); *Hamilton v. Endell*, 981 F.2d 1062 (9th Cir. 1992) (holding defendants may have acted with deliberate indifference by choosing to rely on a doctor's "inferior" medical opinion, which was based solely on standard medical protocol, instead of plaintiff's treating physician and surgeon).

Moreover, it is undisputed that Nurse Correa was unqualified to be on the Chrono Committee. But Dr. Levin sent Nurse Correa to the Chrono Committee as his representative and Nurse Correa signed the denial on Dr. Levin's behalf. *See Toussaint v. McCarthy*, 801 F.2d 1080, 1111-12 (9th Cir. 1986) (reversing

-3-

summary judgment for defendants because if registered nurses provided "a number of [medical] services which they [were] not qualified to perform," this would demonstrate deliberate indifference), *abrogated in part on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995).

Accordingly, triable issues of material fact exist on the question of deliberate indifference: (1) whether the Chrono Committee's decision was an inferior medical opinion when compared to Dr. Santiago's opinion; (2) whether Dr. Levin and Nurse Correa acted with deliberate indifference in denying Pride's Second Level Review given the lack of medical reasons for the Chrono Committee's decision; and (3) whether Dr. Levin and Nurse Correa acted with deliberate indifference when Nurse Correa attended the Chrono Committee for Dr. Levin.[1]

B.     Dr. Santiago

The district court properly granted summary judgment in favor of Dr. Santiago. At most, Dr. Santiago's conduct amounts to negligence, not deliberate indifference. *Wood v. Housewright*, 900 F.2d 1332, 1334-35 (9th Cir. 1990) (gross

---

[1] The government's argument that Pride never followed up with treating physicians is unpersuasive. Pride claims that he saw his doctor and spoke about his appeal. He also went to additional doctors who issued the same chronos as Dr. Santiago. Thus, whether Pride followed through with instruction to see treating physicians is also a triable issue of material fact.

negligence and mere medical malpractice do not constitute deliberate indifference).

C.     Warden Ochoa

The district court also properly granted summary judgment in favor of Warden Ochoa. Ochoa was neither personally involved with the alleged constitutional violation nor was his policy sufficiently casually connected to the violation. *See Redman v. County of San Diego*, 942 F.2d 1435, 1454-55 (9th Cir. 1991) (holding for a supervisor to be individually liable he must be personally involved in the constitutional deprivation, or his policy must be sufficiently casually connected to the constitutional violation).

II.     Pride's Motion for Continuance to Conduct Discovery

We review for abuse of discretion the district court's denial of a motion to continue a summary judgment hearing pending further discovery. *Michelman v. Lincoln Nat. Life Ins. Co.*, 685 F.3d 887, 892 (9th Cir. 2012). The district court abused its discretion by requiring the discovery sought by Pride under Rule 56(d) to be obtained from Defendants, rather than from a third-party. *See Koon v. United States*, 518 U.S. 81, 100 (1996) ("A district court by definition abuses its discretion when it makes an error of law.").

Moreover, Pride demonstrated that the additional discovery would have precluded summary judgment, thus, the district court's denial of Pride's motion

was an abuse of discretion.  *See VISA Int'l Serv. Ass'n v. Bankcard Holders of Am.*, 784 F.2d 1472, 1475 (9th Cir. 1986) (stating denial is disfavored when plaintiff specifically identifies relevant information and points to "some basis" for its existence).  Specifically, Pride's requested information from Nurse Garcia on his appointments with doctors would have disproved Defendants-Appellees' claim that Pride did not go back to his doctors as instructed.  Pride's requested information regarding attempts by Defendants-Appellees to fabricate documentation during Pride's appeal would have demonstrated personal animosity, which bears on the issue of deliberate indifference.  *See Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) (holding "personal animosity" may establish deliberate indifference).  In his motion, Pride substantiated that Garcia would have the requested discovery because she interviewed Pride on issues raised in his inmate appeal, was involved in the grievance process, and filled out one of the appeal forms.

Thus, on remand, Pride must be allowed additional discovery.[2]

---

[2] Pride did not seek discovery relating to Dr. Santiago.  Although Pride sought information from Garcia on Ochoa's prison mattress policy, that discovery would not have precluded summary judgment.  Thus, summary judgment for Dr. Santiago and Warden Ochoa is not subject to reversal because of the district court's erroneous ruling on Pride's motion for a continuance.

III.    Defendants-Appellees' Motion to Dismiss

The district court's dismissal of Pride's injunctive relief claim is properly before us. *See, e.g., Meehan v. County of Los Angeles*, 856 F.2d 102, 105-06 (9th Cir. 1988) (holding that when an issue is not designated in the notice of appeal, the issue is properly before the court when both parties fully brief the issue).

The district court's grant of a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) is reviewed *de novo. Vestron, Inc. v. Home Box Office, Inc.*, 839 F.2d 1380, 1381 (9th Cir. 1988).

The district court dismissed Pride's injunctive relief claim on the ground that the relief Pride sought was already provided for in the pending class action *Plata v. Schwarzenegger*, No. 01-1351, 2005 WL 2932253 (N.D. Cal. Oct. 3, 2005). The *Plata* stipulation states that California prison officials may "assert issue preclusion and res judicata in other litigation seeking class or systemic relief."

The dismissal of an individual complaint is proper when the plaintiff "is a member in a class action seeking the same relief." *Crawford v. Bell*, 599 F.2d 890, 892 (9th Cir. 1979). Here, however, Pride seeks an injunction preventing Defendants from denying him his medical treatment and accommodations. Unlike *Plata*, he does not seek systemic relief. Thus, the district court erred by dismissing Pride's claim for injunctive relief. *See id.* at 893 (holding the district court

correctly dismissed only those portions of plaintiff's complaint "which duplicate the . . . allegations and prayer for relief" in a pending class action in which plaintiff is a member); *Tillis v. Lamarque*, No. C 04-3763 SI, 2006 WL 644876 (N.D. Cal. Mar. 9, 2006) (holding *Plata* does not bar plaintiff's claim for injunctive relief because plaintiff "seek[s] relief solely on his own behalf"); *Burnett v. Dugan*, 618 F. Supp. 2d 1232, 1235-37 (S.D. Cal. 2009).

Pride's claim for injunctive relief is moot as to Dr. Santiago and Warden Ochoa because summary judgment was properly granted in their favor. On remand, the district court should address whether Dr. Levin's transfer mooted Pride's claim for injunctive relief against Dr. Levin.

IV.     Conclusion

The district court's order granting summary judgment for Defendants-Appellees is REVERSED in part and AFFIRMED in part. The district court's order denying Pride's motion for discovery is REVERSED; on remand, Pride must be allowed additional discovery. The district court's grant of Defendants-Appellees' motion to dismiss Pride's claim for injunctive relief is REVERSED. Pride shall recover his costs on appeal.