**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| SOLUTIONS FOR UTILITIES, INC., a California Corporation, | No. 13-55206 |
| Plaintiff, | D.C. No. 2:11-cv-04975-SJO-JCG |
| and | |
| CALIFORNIANS FOR RENEWABLE ENERGY, INC., a California Non-Profit Corporation; MICHAEL E. BOYD; ROBERT SARVEY, | MEMORANDUM[*] |
| Plaintiffs - Appellants, | |
| v. | |
| CALIFORNIA PUBLIC UTILITIES COMMISSION, an Independent California State Agency; MICHAEL R. PEEVEY; TIMOTHY ALAN SIMON; MICHAEL R. FLORIO; CATHERINE J.K. SANDOVAL; MARK J. FERRON, in their official and individual capacities as current Public Utilities Commission of California Members, | |
| Defendants - Appellees, | |

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

and

SOUTHERN CALIFORNIA EDISON CO., a California Corporation; RACHEL CHONG; JOHN A. BOHN; DIAN M. GRUENICH; NANCY E. RYAN, in their individual capacities as former Public Utilities Commission of California Members,

Defendants.

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Argued and Submitted February 10, 2015
Pasadena, California

Before: GRABER and WARDLAW, Circuit Judges, and MAHAN,[**] District Judge.

Plaintiffs Californians for Renewable Energy, Inc., a California-based non-profit energy company, and its members Michael Boyd and Robert Sarvey (collectively "CARE") appeal the dismissal of their claims against defendants California Public Utilities Commission, the state agency responsible for California energy policymaking, and its past and present commissioners in both their official

---

[**] The Honorable James C. Mahan, District Judge for the U.S. District Court for the District of Nevada, sitting by designation.

and individual capacities (collectively "CPUC").[1]  We review de novo a district court's grant of a motion to dismiss.  Gompper v. VISX, Inc., 298 F.3d 893, 895 (9th Cir. 2002);  Vestron, Inc. v. Home Box Office Inc., 839 F.2d 1380, 1381 (9th Cir. 1988).  We review the denial of leave to amend for abuse of discretion.  Gompper, 298 F.3d at 898.  We reverse and remand on claim one but affirm the dismissal of all other claims.

1.  We need not decide whether the administrative exhaustion requirement under the Public Utility Regulatory Policies Act of 1978 ("PURPA") is jurisdictional.  CARE fulfilled the requirement to exhaust administrative remedies.  It petitioned for enforcement, and the Federal Energy Regulatory Commission did not initiate an enforcement action within 60 days.  The statute does not forbid "activating" a premature complaint when there is a proper petition and no action within 60 days.  See 16 U.S.C. § 824a-3(h)(2)(B).  Therefore, the district court erred.  This claim is remanded for further proceedings.

2.  The district court correctly dismissed CARE's 42 U.S.C. § 1983 claim for First Amendment violations.  CARE did not sufficiently plead that CPUC had a retaliatory motive that was the but-for cause of seeking to have CARE declared a

_____

[1]The underlying complaint also included as parties co-plaintiff Solutions for Utilities, Inc., and co-defendant Southern California Edison Co.  Neither is a party to this appeal.

3

vexatious litigant.  See Skoog v. Cnty. of Clackamas, 469 F.3d 1221, 1231-32 (9th Cir. 2006).  Though the district court's rationale for dismissal was arguably different, "we may affirm based on any ground supported by the record."  Johnson v. Riverside Healthcare Sys., LP, 534 F.3d 1116, 1121 (9th Cir. 2008).

3. The district court correctly dismissed CARE's claim for intervenor fees. The Johnson Act applies because the award of intervenor fees has a dollar-for-dollar effect on utility rates.  See Cal. Pub. Util. Code § 1807(a).  All four prongs of the Johnson Act were satisfied.  See US West, Inc. v. Nelson, 146 F.3d 718, 722 (9th Cir. 1998).  First, jurisdiction over the claim rests on the alleged First Amendment violation.  Second, CARE did not satisfy its burden to explain how CPUC's actions were directly burdensome to or discriminatory against interstate commerce.  See id. at 724.  Third, there are extensive notice, hearing, and review procedures in place for CPUC proceedings.  See Cal. Pub. Util. Code §§ 1701-1736, 1756-1758.  Finally, procedures in place allow intervenors to have an administrative law judge address their request for compensation for their contributions in CPUC proceedings.  See Cal. Pub. Util. Code § 1804.  Because the Johnson Act withdraws state utility rate cases from federal jurisdiction when all four prongs of the Act are satisfied, we affirm the district court's dismissal of CARE's intervenor fees claim for lack of jurisdiction.

4. The district court correctly dismissed CARE's § 1983 claim for PURPA violations. PURPA provides a mechanism for parties to seek an administrative or judicial remedy. See 16 U.S.C. § 824a-3(h)(2)(B). That PURPA provides fewer remedies than § 1983 is evidence that Congress did not intend to permit a PURPA claim to be brought under § 1983. See City of Rancho Palos Verdes v. Abrams, 544 U.S. 113, 121 (2005). Because PURPA has a comprehensive remedial scheme, CARE is precluded from alleging a PURPA violation through § 1983.

5. The district court properly dismissed CARE's takings claim. Under California law, CARE has no protected property interest in the profits that it anticipated earning with a PURPA-compliant contract. See Yee v. Mobilehome Park Rental Review Bd., 73 Cal. Rptr. 2d 227, 235 (Ct. App. 1998). Though CARE tries to recharacterize its claim as one for complete loss of the use of its property, CARE's claim does not amount to the forfeiture of all economically beneficial uses. See id. at 1421-22; cf. Lucas v. S.C. Coastal Council, 505 U.S. 1003, 1019 (1992).

**AFFIRMED in part**, **REVERSED in part, and REMANDED. Parties to bear their own costs.**