585 So.2d 1172 (1991)
Stanley PINCUS, Petitioner,
v.
The Honorable James T. CARLISLE, and the Honorable John D. Wessel, Judges of the Fifteenth Circuit of the State of Florida, Respondents.
No. 91-1885.
District Court of Appeal of Florida, Fourth District.
September 18, 1991.
John P. Stetson, West Palm Beach, and Laurence A. Greenberg of Lerner and Greenberg, P.A., Hollywood, for petitioner.
Herbert H. Rolnick of Horowitz & Rolnick, Fort Lauderdale, for respondents.
PER CURIAM.
Since the fundamental nature of the plaintiffs' claim against petitioner Stanley Pincus in Count I of the complaint involves rights equivalent to those protected by federal patent and copyright law, we conclude that Count I, as against Pincus, is within the exclusive jurisdiction of the federal district courts. See 28 U.S.C. § 1338(a); Garrido v. Burger King Corp., 558 So.2d 79 (Fla. 3d DCA 1990); Schachel v. Closet Concepts, Inc., 405 So.2d 487 (Fla. 3d DCA 1981). See also Topolos v. Caldeway, 698 F.2d 991 (9th Cir.1983).
Accordingly, we grant the petition for writ of prohibition with directions to strike Count I of the complaint as against petitioner Pincus, and we quash that portion of the trial court's March 7, 1991, Order for Temporary Injunction insofar as it prohibits petitioner from using the plaintiffs' patented bars and copyrighted student textbooks, instructor's manuals, sales and placement manuals, beverage management seminar materials and catalogs. This decision has no affect on Counts II and III of the complaint.
DELL and GARRETT, JJ., concur.
ANSTEAD, J., concurs specially with opinion.
ANSTEAD, Judge, concurring specially.
I agree that Count I, insofar as it seeks injunctive relief against the petitioner based upon the plaintiffs' copyright and patent rights, presents a claim outside the state court's jurisdiction because of the provisions of 28 U.S.C. § 1338(a) vesting exclusive jurisdiction in the federal courts. This is so, in my view, because the only apparent legal basis for injunctive relief against petitioner in Count I is the plaintiffs' federal copyright and patent rights. There is no claim of breach of contract or other state statutory or common law basis for such relief against the petitioner set out in Count I.