Elizabeth **MARSHALL**, professionally known as Bette Marshall, Plaintiff,

v.

**NEW KIDS ON THE BLOCK PARTNER-SHIP, Dick Scott Entertainment, Inc., Big Step Productions, Inc., the Topps Company, Inc., Unique Industries, Inc., Button–Up, A.S.P. Publishing, Inc., Penguin Books USA, Inc., and Bantam Books, Defendants.**

No. 91 Civ. 3905 (RPP).

United States District Court, S.D. New York.

Dec. 20, 1991.

---

Cinque & Cinque, New York City, by James P. Cinque, for plaintiff Elizabeth Marshall.

Weiss David Fross Zelnick & Lehrman, New York City, by Roger L. Zissu, for defendants New Kids on the Block Partnership, Dick Scott Entertainment, Inc., Big Step Productions, Inc., Unique Industries, Inc., Button Up, A.S.P. Pub., Inc. and Bantam Books.

## OPINION AND ORDER

ROBERT P. PATTERSON, Jr., District Judge.

This is an action for injunctive relief and damages alleging copyright infringement. Seven of the defendants jointly move to dismiss the Complaint for lack of subject matter jurisdiction pursuant to Fed. R.Civ.P. 12(b)(1). For the reasons set forth below, the motion is denied.

## BACKGROUND

Plaintiff Elizabeth Marshall is a New York resident working as a professional photographer under the name Bette Marshall. Defendant New Kids on the Block Partnership (the "New Kids") is a Massachusetts partnership doing business as a popular music recording group. Defendant Dick Scott Enterprises is a New York corporation which serves as manager of the New Kids. Defendant Big Step Productions is a New York corporation which owns the trademark to "New Kids on the Block." Defendants Topps Company, Inc. and Unique Industries are Pennsylvania corporations. Defendant Button Up is a Michigan corporation. Defendant ASP Productions is a California corporation. Defendant Penguin Books USA, Inc. is a New York corporation. Defendant Bantam Books is a division of Bantam Doubleday Dell Publishing Group, a New York corporation.

The Complaint alleges that on or about September 20, 1989 Ms. Marshall conducted a photo session in which she took photographs of the members of the New Kids (the "Photographs"). Ms. Marshall claims that she is the sole owner of the copyright in the Photographs and that she has received a certificate of registration for the Photographs from the Register of Copyrights. Complaint ¶¶ 5, 17.

■ Ms. Marshall's affidavit[1] states that before the photo session, she spoke with

1. When, as here, a movant challenges the sub-

stance of jurisdictional allegations, the court

Mr. Win Wilford, then Executive Vice–President of Dick Scott Enterprises, the New Kids' manager. During that conversation, Mr. Wilford outlined several specific and limited purposes for which the Photographs would be used. Affidavit of Elizabeth Marshall, sworn to on October 29, 1991 ("Marshall Aff.") ¶ 2. At the photo session, Ms. Marshall presented Mr. Wilford with an invoice signed by her and dated September 30, 1989 (the "Invoice"). In a section entitled "DESCRIPTION/TERMS," the Invoice states:

> Photo Session, New Kids On The Block One Door Poster, One 2X3 poster of group, One individual poster Each Kid. Additional Posters to be negotiated with Photographer. Photographs for public relations, Tour Book and Fan Club. After selection, pictures to be returned to Elizabeth Marshall for Editorial Distribution. All Photos used to be credited to BETTE Marshall. Additional uses (including Albums. etc.) to be negotiated.

The reverse of the Invoice states in part:

> REPRODUCTION RIGHTS: Reproduction rights are conditioned on Photographers receipt of payment in full and Client's proper use of copyright notice. All rights not expressly granted herein remain the exclusive property of Photographer. Unless otherwise stated on the face of this Agreement, duration of the License is one year from Agreement date and limited to use in the United States of America. Client may not sell, assign or otherwise transfer the License, or any rights or obligations under this License without Photographer's prior written consent.

Marshall Aff., Exh. B. Ms. Marshall states that Mr. Wilford paid the Invoice and never

indicated that it did not accurately reflect the license granted by her to the New Kids. Marshall Aff. ¶ 4.

Ms. Marshall alleges that the Defendants have published and displayed the Photographs in a manner which has infringed her copyright. Complaint ¶ 21. She states that she has seen the Photographs on the following New Kids items, none of which were authorized by the license agreement: trading cards, the top of display boxes for the trading cards, tablecloths, paper plates, wallet cards, buttons, books, and posters. Marshall Aff. ¶ 7. She also provides copies of pages from the book "Our Story: New Kids On The Block" in which photographs credited to "Elizabeth Marshall" appear. Marshall Aff., Exh. C.

Mr. Wilford offers a different version of the license granted to the New Kids. He states that prior to September 20, 1989, he entered into an oral contract with Ms. Marshall (the "Oral Contract") which gave the New Kids a much broader license than that memorialized by the Invoice. The Oral Contract permitted the New Kids to use the Photographs without limitation for public relations, posters, products for the New Kids fan clubs, and merchandising through the Winterland Company.[2] Mr. Wilford states that all of the uses of the Photographs complained of by Ms. Marshall were permissible uses within the scope of the Oral Contract. Affidavit of Win Wilford, sworn to on October 11, 1991 ("Wilford Aff.") ¶¶ 4–5.

Ms. Marshall has filed suit for copyright infringement, seeking:

(1) an order enjoining Defendants from future infringement;

C. Wright & A. Miller, *Federal Practice & Procedure* § 1350 (1990).

may satisfy itself of its power to hear the case by considering evidentiary matter outside the pleadings, including, but not limited to, affidavit evidence. *Exchange National Bank v. Touche Ross & Co.,* 544 F.2d 1126, 1130–31 (2d Cir. 1976), *citing Land v. Dollar,* 330 U.S. 731, 735, n. 4, 67 S.Ct. 1009, 1011, n. 4, 91 L.Ed. 1209 (1947). *See also Mortensen v. First Federal Savings & Loan Assn.,* 549 F.2d 884, 891 (3d Cir.1977) (when movant challenges the factual basis of subject matter jurisdiction, no presumptive truthfulness attaches to plaintiff's allegations);

2. The Winterland Company is the exclusive licensee of the trademark "New Kids On The Block" for purposes of tour and retail merchandising. Winterland handles the manufacture and distribution of all merchandise related to the New Kids, either by itself or through its sublicensees. Winterland granted the licenses to the various Defendant companies in this action. Wilford Aff. ¶ 4.

(2) an order requiring Defendants to account for and to pay over any profits attributable to the infringement;

(3) an award equal to either actual damages sustained by her as a result of the infringement, or statutory damages;

(4) an order requiring impoundment of all copies of the Photographs and all infringing copies, plates, molds and other matter in the Defendants' possession; and

(5) an award of reasonable attorneys' fees.

All of the Defendants except for Topps jointly move to dismiss the Complaint for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1).

## DISCUSSION

■ Ms. Marshall alleges jurisdiction based on 28 U.S.C. § 1338(a) which provides, "The district courts shall have original jurisdiction of any civil action arising under any Act of Congress related to ... copyrights ..." Defendants argue that even though the Complaint is couched in terms of copyright infringement, stripped of its rhetoric, the dispute is nothing more than a state law contract dispute, not "arising under" the copyright laws.

The line between cases that "arise under" the copyright laws, as contemplated by § 1338(a), and those that present only state law contract issues, is a very subtle one and the question leads down "one of the darkest corridors of the law of federal courts and federal jurisdiction." *Arthur Young & Co. v. Richmond*, 895 F.2d 967, 969 n. 2 (4th Cir.1990). The Second Circuit's most decisive statement on the issue of whether a claim arises under the copyright laws is Judge Friendly's opinion in *T.B. Harms Co. v. Eliscu*, 339 F.2d 823, 828 (2d Cir.1964), *cert. denied* 381 U.S. 915, 85 S.Ct. 1534, 14 L.Ed.2d 435 (1964), which noted:

> Mindful of the hazards of formulation in this treacherous area, we think that an action "arises under" the Copyright Act if and only if the complaint is for a remedy expressly granted by the Act,

e.g. a suit for infringement or for the statutory royalties for record reproduction, ... or asserts a claim requiring construction of the Act, ... or, at the very least and perhaps more doubtfully, presents a case where a distinctive policy of the Act requires that federal principles control the disposition of the claim.

■ Whether a Complaint arises under the copyright laws is to be determined with reference to the well-pleaded complaint rule. *Vestron, Inc. v. Home Box Office, Inc.*, 839 F.2d 1380, 1382 (9th Cir.1988); *Arthur Young & Co.*, 895 F.2d at 969. If the Complaint discloses the elements necessary for a copyright infringement claim, the plaintiff's reference to a contractual license granted to the defendant only by way of anticipatory repudiation or the defendant's interposition of a defense based on a contract does not turn a copyright claim into one for breach of contract. *Kamakazi Music Corp. v. Robbins Music Corp.*, 684 F.2d 228 (2d Cir.1982); *T.B. Harms Co.*, 339 F.2d at 825.

It is clear that a claim alleging infringement arises under the copyright laws when the copyright owner and the alleged infringer are complete strangers who have never had any dealings with one another. However, when the plaintiff and the alleged infringer are not complete strangers, but rather are parties to a copyright license agreement, determining whether the claim arises under the copyright law or merely under state contract law can be more difficult. P. Goldstein, *Copyright* § 13.2.1.1 (1989).

■ For example, if the plaintiff-licensor seeks relief directly under the licensing agreement, for example the payment of royalties prescribed by the agreement, then the claim is merely a state law contract claim and there is no federal jurisdiction. *Id.* at § 13.2.1. However, if the licensee acts in such a way as to effectively make himself a "stranger" to the copyright owner, then the action arises under the copyright laws just as if the claim were against any other infringer who is a stranger to the plaintiff. *Id.* at § 13.2.1.1.

Case law in this Circuit indicates that a copyright licensee can make himself a "stranger" to the licensor by using the copyrighted material in a manner that exceeds either the duration or the scope of the license. For example, in *Kamakazi Music Corp., supra,* plaintiff had licensed defendant to print sheet music of copyrighted songs owned by the plaintiff. When the defendant continued to exploit the copyrighted work after the termination of the license agreement, plaintiff sued for copyright infringement. The court held that once the contract had expired, the defendant had no greater right to use the copyrighted works than any other person, and the plaintiff had stated a claim for infringement arising under the copyright laws. *Id.* at 230.

In *Frankel v. Stein & Day, Inc.,* 470 F.Supp. 209 (S.D.N.Y.1979), the court found that the defendant's use of plaintiff's copyrighted work fell directly within the provisions of the license. Nevertheless, the defendant's breach of another term of the license agreement had caused the license to terminate and all rights previously granted to revert immediately to the plaintiff. Because the defendant was no longer a valid licensee, his use could be found to constitute copyright infringement, and plaintiff had stated a claim arising under the copyright laws. *Id.* at 212.

In *Kanakos v. MX Trading Corp.,* 216 U.S.P.Q. 1030, 1981 WL 1377 (S.D.N.Y. 1981), the court found copyright jurisdiction on facts very similar to those in the instant case. The plaintiff was a New York professional photographer who agreed to photograph a model for use by the defendant in creating a poster. The agreement gave the defendants the right to make one "run" of posters from a selected photograph, but reserved exclusive copyright in the photographs to the plaintiff. If the defendant desired to make additional use of the photographs, including making more "runs" of the poster, it was agreed that it would compensate the plaintiff. The defendant breached various terms of the contract by not returning the photograph used, by failing to credit the plaintiff or to include proper copyright notice, and

by producing posters of inferior quality. As well, the defendant used the photograph for media advertising and to make additional "runs" of the poster. Plaintiff sued for copyright infringement.

The court held that the claim arose under the copyright laws because even though the complaint alleged specific breaches of the underlying contract, it also sought relief for infringement of rights never assigned to the defendant. The use of the photographs for advertising and for making additional "runs" exceeded the contemplated scope of the license. Judge Conner stated:

> Where a licensee utilizes a copyrighted work in a manner or to an extent not authorized by the license agreement, the licensee's position is no different from that of an infringer having no contractual relationship with the holder of the copyright. In both cases, the resulting cause of action is one for copyright infringement, and the claims against both arise under the copyright statutes.

*Id.* at 1032.

Here, the existence of subject matter jurisdiction depends on a factual determination of whether the Defendant's uses of the Photographs were within the scope of the license. Because the parties dispute the terms of the license, the Court must, for purposes of this motion, determine which version of the license agreement to accept: that of the Invoice as urged by Ms. Marshall, or that of the Oral Contract as urged by Mr. Wilford. The affidavits now before the Court require an acceptance of Ms. Marshall's version. She provides the Court with documentary evidence which supports her view of the limited nature of the license. The only evidence of Mr. Wilford's broader understanding of the scope of the license is his unsupported allegation that the parties had entered into the Oral Contract. To accept his version would permit any alleged copyright infringer to defeat subject matter jurisdiction by making an bland allegation that use of copyrighted material was within the terms of an oral license agreement.

Ms. Marshall alleges that the Defendants' use of the Photographs exceeded the scope of the license. Such use places the Defendants in the same position as any other infringer of Ms. Marshall's copyright. Accordingly, she has stated a claim for copyright infringement, and this Court has subject matter jurisdiction. *Kanakos*, 216 U.S.P.Q. at 1032.[3]

### CONCLUSION

For the reasons stated above, the motion is denied. The parties are ordered to appear for a pre-trial conference on Friday, January 3, 1992 at 9:00 a.m. in courtroom 302 to set a schedule for discovery and trial.

IT IS SO ORDERED.

---

**3.** The Court's ruling does not insulate the Complaint from further attack for lack of subject matter jurisdiction. If, for example, the Defendants show that their use was within the scope of the license, then the issue of subject matter jurisdiction will again surface. *Kanakos*, 216 U.S.P.Q. at 1032 n. 2.