PER CURIAM.
 

 Pro-Med Clinical Systems, L.L.C., petitions for a writ of prohibition seeking to prevent the circuit court from proceeding with a breach of contract action filed by respondent, Utopia Provider Systems, Inc. Pro-Med argues that Utopia’s claims regarding a breach of a licensing agreement is a claim of copyright infringement, which is within the exclusive jurisdiction of the federal courts. The trial court denied Pro-Med’s motion to dismiss, finding that Utopia’s claim did not sound in copyright. Pro-Med now seeks a writ of prohibition, arguing that the circuit court lacks subject matter jurisdiction. We agree with the trial court’s determination that Utopia’s claims do not sound in copyright and deny the petition without prejudice for Pro-Med to re-raise this issue if Utopia is subsequently permitted by the federal courts to bring a copyright infringement action.
 

 Facts
 

 Utopia developed a product called ED Maximus, a system of templates, or charts, for use by emergency room physicians. The charts assist physicians in recording information regarding encounters with patients. Utopia and Pro-Med entered into a licensing agreement where, in exchange for paying a royalty, Pro-Med was given the exclusive right to market and distribute a version of the ED Maximus system for a period of five years. Pro-Med developed its Electronic Physician Documentation (EPD) product, a computer program that is an electronic template system similar to ED Maximus. Pro-Med marketed and distributed the EPD product without paying Utopia royalties. The license agreement expired, and the contract was not renewed.
 

 Utopia filed suit against Pro-Med in both state and federal courts. In federal court, Utopia raised claims of breach of the license agreement and breach of fiduciary duty along with a claim that Pro-Med’s development and sale of the EPD product infringed on Utopia’s copyright in ED Maximus. The federal court dismissed the breach of contract and breach of fiduciary duty claims without prejudice, finding that they presented questions of state law that would predominate over the copyright claim. The federal district court then issued an order granting Pro-Med summary judgment and holding that the ED Maximus system was not subject to federal copyright protection.
 
 Utopia Provider Sys., Inc. v. Pro-Med Clinical Sys., L.L.C.,
 
 No. 07-60654-CIV., 2009 WL 248376 (SJD.Fla. Feb. 2, 2009). In so holding, the court reasoned that the ED Maxi-mus system of templates for recording patient information was not an original work of authorship or a compilation of data to which federal copyright protection extends.
 
 [1]
 

 See
 
 17 U.S.C. § 102(b) (2008) (“In no case does copyright protection for an original work of authorship extend to any ... procedure, process, system, [or] method of operation ... regardless of the form in which it is described, explained, illustrated, or embodied in such work.”);
 
 Baker v. Selden,
 
 101 U.S. 99, 25 L.Ed. 841 (1879) (holding that copyright protection did not extend to blank accounting forms or system of bookkeeping described in work on bookkeeping).
 

 
 *1148
 
 Pro-Med moved to dismiss Utopia’s state court action that sought damages for breach of the license agreement and breach of fiduciary duty. Pro-Med argued that Utopia’s claim of a breach of the license agreement amounted to a claim of copyright infringement over which the federal courts have exclusive jurisdiction. The trial court determined that Utopia’s claims did not sound in copyright and denied the motion to dismiss. Pro-Med filed this petition for writ of prohibition, alleging that the trial court lacks subject-matter jurisdiction because Utopia’s claims are veiled allegations of copyright infringement. Pro-Med argues that the circuit court is poised to adjudicate a copyright infringement claim.
 

 Jurisdiction
 

 A writ of prohibition is a proper remedy to prevent a trial court from asserting subject-matter jurisdiction over matters within the exclusive jurisdiction of the federal courts.
 
 Sparta Surf, Inc. v. Korda,
 
 599 So.2d 242, 243 (Fla. 4th DCA 1992);
 
 Pincus v. Carlisle,
 
 585 So.2d 1172 (Fla. 4th DCA 1991) (granting prohibition where circuit courts were acting over claims of copyright violations within the exclusive jurisdiction of the federal courts);
 
 see also Am. Maritime Officers Union v. Merriken,
 
 981 So.2d 544, 547 (Fla. 4th DCA 2008) (granting petition for writ of prohibition relating to claim, which was preempted by federal law).
 

 Analysis
 

 Pro-Med relies on a number of cases in arguing that Utopia’s claim of breach of the licensing agreement is equivalent to a copyright infringement claim and within the exclusive jurisdiction of federal courts.
 
 See Briarpatch Ltd. v. Phoenix Pictures, Inc.,
 
 373 F.3d 296, 305 (2d Cir.2004);
 
 Encyclopedia Brown Prods. v. Home Box Office, Inc.,
 
 No. 91 Civ. 4092(PKL), 1998 WL 734355 (S.D.N.Y. Oct. 15, 1998);
 
 MCA Television Ltd. v. Feltner,
 
 89 F.3d 766 (11th Cir.1996);
 
 Marshall v. New Kids On The Block P’ship,
 
 780 F.Supp. 1005 (S.D.N.Y.1991);
 
 S.O.S., Inc. v. Payday, Inc.,
 
 886 F.2d 1081, 1089 (9th Cir.1989);
 
 Kamakazi Music Corp. v. Robbins Music Corp.,
 
 684 F.2d 228 (2d Cir.1982).
 

 It is well-settled that the “Federal Copyright Act preempts state causes of actions that are equivalent to copyright infringement claims.”
 
 Higher Gear Group, Inc. v. Rockenbach Chevrolet Sales, Inc.,
 
 223 F.Supp.2d 953, 956 (N.D.Ill.2002);
 
 see
 
 28 U.S.C. § 1338(a) (providing for exclusive federal court jurisdiction of copyright claims). All of the cases relied on by Pro-Med, however, involved preemption of state law claims involving works that fell within the scope and subject matter of the Copyright Act. As explained in
 
 Briarpatch,
 
 a case relied on heavily by Pro-Med, “[t]he Copyright Act exclusively governs a claim when: (1) the particular work to which the claim is being applied falls within the type of works protected by the Copyright Act ... and (2) the claim seeks to vindicate legal or equitable rights that are equivalent to one of the bundle of exclusive rights already protected by copyright law.” 373 F.3d at 305. The first prong, or subject-matter requirement, is satisfied “if the claim applies to a work of authorship fixed in a tangible medium of expression and
 
 falling within the ambit of one of the categories of copyrightable works.” Id.
 
 (citation omitted) (emphasis added).
 

 Curiously, in its petition, Pro-Med asserts that “[tjhere is no issue here that Utopia’s templates ... are works of authorship fixed in a tangible medium of expression” and that “[tjhere is further no issue that Utopia’s claims for unauthorized reproduction and distribution of its templates or derivatives thereof seek to vindicate the exclusive rights granted Utopia by the Copyright Act.” Pro-Med seems to
 
 *1149
 
 contend that Utopia’s claim falls within the scope of the Copyright Act and that the materials are copyrightable. Of course, Pi*o-Med asserted a contrary position in the federal litigation where it successfully argued that the ED Maximus materials were not copyrightable.
 

 The federal district court has already determined that federal copyright protection does extend to the materials at issue and that the claims in question are properly brought in state court. Utopia’s claim for damages from the breach of the licensing agreement does not apply to a work that falls within the subject matter of the Copyright Act. The trial court in this case is not poised to adjudicate a claim of copyright infringement.
 

 Conclusion
 

 Pro-Med’s argument that Utopia’s claim is preempted by the Copyright Act is without merit. As it currently stands, Utopia’s breach of contract claims do not arise under copyright law and are based solely on contractual rights.
 
 See EMSA Ltd. P’ship v.
 
 Lincoln, 691 So.2d 547, 550 (Fla. 4th DCA 1997) (holding that when a claim is for a common-law, state-created, or contractual right, the claim does not arise under the Copyright Act and the state court has jurisdiction).
 

 The petition is DENIED. Denial is without prejudice for Pro-Med to re-raise the issue if the federal district court’s decision is overturned on appeal, and the federal court subsequently determines that the materials in question fall within the type of works protected by the Copyright Act.
 

 POLEN, HAZOURI and DAMOORGIAN, JJ., concur.
 

 [1]
 

 . Pro-Med has advised this court that Utopia has appealed the federal district court's decision and that the appeal remains pending. Pro-Med did not provide this court with a copy of the federal district court's decision and failed to advise this court that, in the federal litigation, it had successfully argued that Utopia’s ED Maximus system was not subject to copyright protection.